IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                    CR 12-1486 RB
                                                                                      CV 16-632 RB/WPL
JASON LEWIS GRESHAM,

      Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (CV Doc. 14) and Defendant Jason Gresham's objections thereto (CV Doc. 15). The PFRD recommended enforcing the collateral attack waiver in Gresham's plea agreement and denying Gresham's Motion Pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015), to Vacate, Set Aside or Correct Sentence and Set for a New Sentencing (CV Docs. 1, 9). Gresham reiterates the collateral attack waiver should be held unenforceable as it would work a miscarriage of justice. Having conducted a *de novo* review, the Court finds the objections to be without merit for the following reasons.

Gresham's argument hinges on the proposition that enforcing a collateral attack waiver in the face of an unforeseen change in the law like *Johnson* constitutes a miscarriage of justice. (CV Doc. 15.) Gresham also notes that other courts have been persuaded by this argument and that the United States has not consistently sought enforcement of collateral attack waivers. Gresham does not argue that the collateral attack waiver in his plea agreement is not applicable to this claim, merely that it should not be enforced.

The parties agree that collateral attack waivers are generally enforceable. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Collateral attack waivers are not enforceable "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *United States v. Frazier-LeFear*, --- F. App'x ---, 2016 WL 7240134, at *2 (10th Cir. Dec. 15, 2016) (unpublished) (quoting *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc)). The Tenth Circuit clarified that a miscarriage of justice arises from a waiver only when "enforcement would result in one of the four situations enumerated." *Hahn*, 359 F.3d at 1327; *see also United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (explaining that the four exceptions listed in *Hahn* are the exclusive means to establish a miscarriage of justice). Under the fourth exception, the error making a waiver unlawful "must seriously affect the fairness, integrity or public reputation of judicial proceedings, as that test was employed [for plain-error review] in *United State v. Olano*, 507 U.S. 725, 732 (1993)." *Hahn*, 359 F.3d at 1327 (alterations omitted). The Tenth Circuit went on to clarify that the fourth exception "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *Polly*, 630 F.3d at 1001-02 (emphasis in original) (quoting *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007)); *see also United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry [under the fourth exception] is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible."). "To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort

2

of claim it was intended to waive." *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) (quotation omitted).

In his Objections, Gresham briefly and without explanation argues that the third exception applies in this case and that his sentence exceeds the statutory maximum. (CV Doc. 15 at 3.) Gresham is wrong. Gresham pled guilty to two counts, each carrying a maximum term of incarceration of ten years. He was sentenced to eighty-four months' incarceration, which is less than ten years. Accordingly, Gresham's sentence did not and does not exceed the statutory maximum.

The fourth exception is at issue in this case, specifically: whether enforcement of a collateral attack waiver in a plea agreement to deny an otherwise meritorious *Johnson* motion constitutes a miscarriage of justice. The Tenth Circuit resolved this issue in *Frazier-LeFear*, four days before Gresham filed his Objections. In *Frazier-LeFear*, the Tenth Circuit first noted that "the fact that the alleged error arises out of a change in the law subsequent to the defendant's plea" does not alter the enforceability analysis, 2016 WL 7240134, at *3 (citing *United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005)), and second noted that "our cases do not reflect the recognition of any special exception for errors of constitutional dimension," *id.* (citing *United States v. Pinson*, 584 F.3d 972, 976 (10th Cir. 2009); *United States v. Lyons*, 510 F.3d 1225, 1233 (10th Cir. 2007)).

Gresham does not challenge the waiver itself, only the result in light of *Johnson*. As the Tenth Circuit concluded in *Frazier-LeFear*, and as recommended in the PFRD, the collateral attack waiver in this case is enforceable and forecloses Gresham's challenge.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (CV Doc. 14) are adopted by the Court;

2) the Defendant's § 2255 Petition (CV Docs. 1, 9) is DENIED;

3) this cause is dismissed with prejudice; and

4) a certificate of appealability is DENIED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE